**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRADY BOYD**                                                                                    **PLAINTIFF**

**V.**                                                    **CASE NO.: 4:19CV00323**

**COG MARKETERS, LTD.**
**D/B/A AGROLIQUID**                                                                  **DEFENDANT**

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Brady Boyd, by and through his attorneys, FRIDAY, ELDREDGE &

CLARK, LLP, and for his First Amended Complaint against Defendant COG Marketers, LTD.,

doing business as AgroLiquid, states:

1.      Plaintiff adopts and incorporates his original Complaint, filed in the Circuit Court

of Pulaski County, Arkansas, on March 7, 2019, and removed to this Court on May 3, 2019.

## THE PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Brady Boyd is an adult resident of Maumelle, Pulaski County, Arkansas.

3.      Defendant COG Marketers, LTD, doing business as AgroLiquid, is a Delaware

corporation, engaged in the business of crop nutrient fertilizer development, manufacturing, and

sales, and is located at 3026 W. M-21, St. Johns, Michigan 48879.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1332(a) because this action is between citizens of different states, and the matter in controversy

exceeds the sum or value of $75,000.00, exclusive of interest and costs. This case was removed by

Defendant pursuant to 28 U.S.C. § 1441.

5.      Venue is proper in this Court because this Court embraces the place where this

action was pending at the time of removal. 28 U.S.C. § 1441(a).

1

6.      This Court has personal jurisdiction over Defendant because Defendant contracted with a citizen of Arkansas and has employed Plaintiff to solicit business and sales for it in Arkansas.  Defendant can be served via its registered agent for service of process, Registered Agent Solutions, Inc., at 4250 N. Venetian Lane, Fayetteville, AR 72703.

7.      The amount in controversy exceeds that required for federal diversity jurisdiction.

## **FACTS**

8.      Plaintiff and Defendant entered into an Employment Agreement ("Agreement") on June 16, 2014. A copy of the Agreement is attached hereto as **Exhibit A.**

9.      Pursuant to that Agreement, Plaintiff was first hired as a Sales Staff Development Intern and, upon successful completion of that program, was promoted to Sales Account Manager.

10.     In exchange for his services, Defendant agreed to pay Plaintiff a base compensation of $35,000 in his initial role and $50,000, per annum, in his Sales Account Manager role.

11.     Under the Agreement, the parties agreed to payment of commissions earned during the *fiscal* year (July 1-June 30).  The commission is payable the following December.

12.     The Agreement makes no mention of commissions being earned only if the employee is employed in December.

13.     The Agreement makes no mention of the commissions being payable only if the employee is employed in December.

14.     The Agreement did not require Plaintiff to be employed on the date commissions were paid to earn his commissions.

15.     On or about September 21, 2018, Plaintiff informed Defendant that he was resigning his employment with Defendant.

2

16. Although not required, Plaintiff gave Defendant two weeks' notice and continued his employment after informing Defendant.

17. On September 28, 2018, Defendant collected Plaintiff's laptop, etc., and informed him it no longer needed his services.

18. On that date, Plaintiff asked Defendant's CEO whether he would be paid for the commissions he earned from July 1, 2017 to June 30, 2018. The CEO said he would get back to him.

19. Instead, Defendant's Senior Human Resources Manager presented Plaintiff with a Separation Agreement and Release of All Claims that contained, as the name indicates, a release of any potential claims against Defendant, but also included restrictive covenants and other terms and conditions that were not part of Plaintiff's prior employment agreement with Defendant. In return, Defendant agreed to pay what purported to be 33% of Plaintiff's earned commissions. When Plaintiff refused to sign this Separation Agreement, Defendant refused to pay even this part of the earned commission due.

20. In an email, Defendant cited and relied on policy regarding payment of commissions contained in its Employee Handbook to deny payment of the commissions earned.

21. The Handbook policy states, "Commission checks (if appropriate) are calculated on the past fiscal sales year annually and paid in December if still employed at time of payment."

22. The policy does not trump the parties' agreement and does not constitute a contract in any event. The Handbook acknowledgement signed by the Plaintiff states, "I understand that this handbook is not intended nor does it serve as a specific or implied contract of employment."

23. Defendant has not paid Plaintiff the earned commission required by their Agreement.

3

FEC\44626\0001\7507067.v1-2/20/20

24.     Defendant has not paid Plaintiff the earned commission required by law.

25.     Plaintiff has made demand for his commissions on September 28, 2018 and on October 8, 2018, but Defendant has refused that demand.

## FIRST CAUSE: FAILURE TO PAY COMMISSIONS IN VIOLATION OF MICHIGAN STATUTE

26.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully restated herein.

27.     Plaintiff and Defendant agreed that Plaintiff, in exchange for his employment, would receive commissions based on a percentage of his sales, so long as Plaintiff showed growth in sales year-over year.   There was no agreement that Plaintiff would only receive those commissions if he was employed when Defendant paid employees who had earned those commissions.

28.     In addition to its obligation to pay in accordance with the parties' agreement, Defendant was obligated by Michigan Compiled Laws Service Chapter 600, Section 2961 to pay commissions within either 45 days after the date of termination of employment or 45 days after the date on which the commission became due.

29.     Both of these dates have passed without payment.

30.     Defendant, however, has taken the position that Plaintiff is not entitled to any commission because Plaintiff was not employed when distribution of commissions takes place and because Plaintiff has refused to sign a Separation Agreement that contained a release of claims and restrictive covenants.

31.     Defendant has intentionally failed to pay any commissions for the work performed in the entire fiscal year (July 1, 2017 to June 30, 2018).

4

FEC\44626\0001\7507067.v1-2/20/20

32.     Defendant has therefore violated MCLS § 600.2961 and is liable to Plaintiff for unpaid commissions as well as liquidated damages and attorney's fees.

### SECOND CAUSE: FAILURE TO PAY COMMISSIONS IN VIOLATION OF ARKANSAS STATUTE

33.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully restated herein and pleads the alternative cause of action of breach of the Arkansas Sales Representative Commission Act, Ark. Code Ann. § 4-70-301, *et seq.*

34.     Defendant is a "principal" under the Arkansas Sales Representative Commission Act because it is a company that does not have a permanent or fixed place of business in Arkansas; manufactures, produces, imports, or distributes a product for sale to customers who purchase the product for resale; uses a sales representative to solicit orders for the product; and compensates the sales representative in whole or in part by commission.

35.     Plaintiff is a "sales representative" under the Arkansas Sales Representative Commission Act because he is a person who solicited on behalf of Defendant orders for the purchase at wholesale of Defendant's product, and he did not place orders for or purchase the product for his own account for resale or engage in door-to-door sales.

36.     Plaintiff and Defendant agreed that Plaintiff, in exchange for his employment, would receive commissions based on a percentage of his sales, so long as Plaintiff showed growth in sales year-over year.   There was no agreement that Plaintiff would only receive those commissions if he was employed when Defendant paid employees who had earned those commissions.

37.     In addition to its obligation to pay in accordance with the parties' agreement, Defendant was obligated by the Arkansas Sales Representative Commission Act, Ark. Code Ann. § 4-70-301, *et seq.*, to pay commissions pursuant to the parties' written compensation agreement

FEC\44626\0001\7507067.v1-2/20/20

or, if there is no written compensation agreement, within thirty (30) working days after the date of the termination.

38.     Both of these dates have passed without payment.

39.     Defendant, however, has taken the position that Plaintiff is not entitled to any commission because Plaintiff was not employed when distribution of commissions takes place and because Plaintiff has refused to sign a Separation Agreement that contained a release of claims and restrictive covenants.

40.     Defendant has failed to pay any commissions for the work performed in the entire fiscal year (July 1, 2017 to June 30, 2018).

41.     Defendant has therefore violated the Arkansas Sales Representative Commission Act, Ark. Code Ann. § 4-70-301, *et seq.*, and is liable to Plaintiff for three (3) times the damages sustained by him, plus reasonable attorney's fees and costs.

## THIRD CAUSE: BREACH OF CONTRACT

42.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully restated herein and pleads the alternative cause of action of breach of contract.

43.     Plaintiff and Defendant knowingly, voluntarily, and in exchange for consideration entered into an Employment Agreement, governing the terms of their employment relationship and consequences of termination.

44.     The Agreement requires Defendant to pay Plaintiff commissions earned in December of each year.

45.     Plaintiff earned commissions by selling products for Defendant from July 1, 2017 to June 30, 2018.

FEC\44626\0001\7507067.v1-2/20/20

46.   Despite its contractual duty, Defendant refuses to pay the commissions earned during the fiscal year and owed to Plaintiff.

47.   Defendant's breach of contract entitles Plaintiff to damages and attorney's fees and costs pursuant to Arkansas law.

### FOURTH CAUSE: UNJUST ENRICHMENT

48.   Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully restated herein and pleads an alternative cause of action for unjust enrichment.

49.   Plaintiff agreed to perform work for Defendant, and did perform such work, in exchange for certain agreed upon benefits, including wages, and commissions earned during the fiscal year.

50.   Defendant received the benefit of Plaintiff's work up to and until Plaintiff resigned his employment.

51.   Defendant was aware that it owed Plaintiff commissions earned during Plaintiff's employment.

52.   Defendant refuses to pay Plaintiff the benefits owed and, instead, chooses to retain them under circumstances that, in equity and good conscience, ought not to be permitted.

53.   Because Defendant has been unjustly enriched at the expense of Plaintiff, Plaintiff is entitled to recover what is owed in the way of unpaid commissions.

### JURY TRIAL DEMAND

54.   Plaintiff demands a trial by jury as to all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brady Boyd prays for damages for Defendant's failure to pay commissions earned and due, a liquidated amount for penalties provided by MCLS § 600.2961

FEC\44626\0001\7507067.v1-2/20/20

(two times the amount owed) or treble damages provided by Ark. Code Ann. § 4-70-306, interest, attorneys' fees and litigation costs, and for all other just and proper relief to which Plaintiff is entitled.

Respectfully submitted,

Daniel L. Herrington (95166)
Phillip M. Brick, Jr. (2009116)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
(501) 370-1571 - Telephone
(501) 244-5382 - Facsimile
E-mail: herrington@fridayfirm.com
        pbrick@fridayfirm.com

Attorneys for Plaintiff

By: /s/ _____
       Daniel L. Herrington

8