IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


BRADY BOYD                                                    PLAINTIFF

VS.                              NO. 4:19-CV-323-LPR

COG MARKETERS, LTD.
D/B/A AGROLIQUID                                              DEFENDANT

## ANSWER TO FIRST AMENDED COMPLAINT

For its answer to the first amended complaint of plaintiff, defendant COG Marketers Ltd. d/b/a AgroLiquid ("AgroLiquid") states the following:

1.      AgroLiquid adopts and incorporates by reference its answer to plaintiff's original complaint in response to paragraph 1 of the first amended complaint.

2.      Admits the allegations in paragraph 2 of the first amended complaint.

3.      Admits that COG Marketers, LTD, does business as AgroLiquid and is engaged in the business of crop nutrient fertilizer development, manufacturing, and sales.  AgroLiquid admits that it has a location at 3026 W. M-21, St. Johns, Michigan 48879.  AgroLiquid denies that it is a Delaware corporation, and denies all other allegations in paragraph 3 of the first amended complaint not specifically admitted in this answer.

4.      AgroLiquid admits the allegations in paragraph 4 of the first amended complaint.

1846509-v1

5.     AgroLiquid admits the allegations in paragraph 5 of the first amended complaint

6.     Admits that its registered agent for service of process is Registered Agent Solutions, Inc., at 4250 N. Venetian Lane, Fayetteville, AR 72703. AgroLiquid admits that it employed plaintiff in Arkansas.  AgroLiquid denies all other allegations in paragraph 6 of the first amended complaint not specifically admitted in this answer.

7.     Admits that plaintiff claims damages in excess of that required for federal diversity jurisdiction in his complaint.  AgroLiquid denies that plaintiff is entitled to any damages from it and denies all other allegations in paragraph 7 of the first amended complaint not specifically admitted in this answer.

8.     Denies that plaintiff has attached a document to his first amended complaint as Exhibit A.  To the extent the allegations in paragraph 8 of the first amended complaint are inconsistent with the document plaintiff intended to attached as Exhibit A, those allegations are denied.  AgroLiquid denies that intended Exhibit A is an employment agreement.

9.     Admits that plaintiff was hired as a sales staff development intern and that he was later promoted to sales account manager.  AgroLiquid denies all other allegations in paragraph 9 of the first amended complaint not specifically admitted in this answer.

10.    AgroLiquid denies the allegations in paragraph 10 of the first amended complaint.

11.     AgroLiquid denies the allegations in paragraph 11 of the first amended complaint.

12.     AgroLiquid denies the allegations in paragraph 12 of the first amended complaint.

13.     AgroLiquid denies the allegations in paragraph 13 of the first amended complaint.

14.     AgroLiquid denies the allegations in paragraph 14 of the first amended complaint.

15.     Admits the allegations in paragraph 15 of the first amended complaint.

16.     In response to paragraph 16 of the first amended complaint, AgroLiquid admits that plaintiff gave AgroLiquid two weeks' notice of his intent to resign employment, and further admits that plaintiff was an at-will employee and as such, was not legally or contractually required to give AgroLiquid two weeks' notice before resigning his employment.

17.     Admits the allegations in paragraph 17 of the first amended complaint.

18.     Denies the allegations in paragraph 18 of the first amended complaint.

19.     Denies the allegations in paragraph 19 of the first amended complaint that plaintiff had earned or was owed any commissions from AgroLiquid. AgroLiquid admits that plaintiff was offered a separation agreement and release of claims for his consideration.  Commission is paid to an employee only if he or she is employed in December at the time of payment.  Plaintiff was not employed in

3

December 2018.  AgroLiquid denies the remaining allegations in paragraph 19 of the first amended complaint not specifically admitted in this answer.

20.     The email described in paragraph 20 of the first amended complaint speaks for itself, and to the extent the allegations in paragraph 20 of the first amended complaint are inconsistent with the referenced email, those allegations are denied.

21.     Admits the allegations in paragraph 21 of the first amended complaint.

22.     The Handbook acknowledgement speaks for itself, and to the extent the allegations in paragraph 22 of the complaint are inconsistent with the Handbook, those allegations are denied.  AgroLiquid denies the remaining allegations in paragraph 22 of the first amended complaint not specifically admitted in this answer.

23.     Denies that plaintiff had earned and was owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 23 of the first amended complaint.

24.     Denies that plaintiff had earned or was owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 24 of the first amended complaint.

25.     Denies that plaintiff had earned or was owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 25 of the first amended complaint.

26. AgroLiquid adopts and incorporates by reference all of the allegations and denials contained in paragraph 1 through 25 of its answer in response to paragraph 26 of the first amended complaint.

27. Denies the allegations in paragraph 27 of the first amended complaint.

28. Denies the allegations in paragraph 28 of the first amended complaint.

29. Denies that plaintiff had earned and was owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 29 of the first amended complaint.

30. Denies that plaintiff had earned and was owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 30 of the first amended complaint.

31. Denies that plaintiff had earned and was owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 31 of the first amended complaint.

32. Denies that plaintiff had earned and was owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 32 of the first amended complaint.

33. AgroLiquid adopts and incorporates by reference all of the allegations and denials contained in paragraph 1 through 32 of its answer in response to paragraph 33 of the first amended complaint.  AgroLiquid denies that it breached the Arkansas Sales Representative Commission Act.

34.    Denies the allegations in paragraph 34 of the first amended complaint. AgroLiquid denies that plaintiff had earned and was owed any commissions.

35.    Denies the allegations in paragraph 35 of the first amended complaint. AgroLiquid denies that plaintiff had earned and was owed any commissions.

36.    Denies the allegations in paragraph 36 of the first amended complaint.

37.    Denies the allegations in paragraph 37 of the first amended complaint.

38.    Denies that plaintiff had earned and was owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 38 of the first amended complaint.

39.    Denies that plaintiff had earned and was owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 39 of the first amended complaint.

40.    Denies the allegations in paragraph 40 of the first amended complaint.

41.    Denies the allegations in paragraph 41 of the first amended complaint.

42.    AgroLiquid adopts and incorporates by reference all of the allegations and denials contained in paragraph 1 through 41 of its answer in response to paragraph 42 of the first amended complaint.

43.    Denies the allegations in paragraph 43 of the first amended complaint.

44.    Denies the allegations in paragraph 44 of the first amended complaint.

45.    Denies the allegations in paragraph 45 of the first amended complaint.

46.    Denies any contractual duty alleged by plaintiff in paragraph 46 of the first amended complaint.  AgroLiquid denies that plaintiff had earned and was

6

owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 46 of the first amended complaint.

47.     Denies the allegations in paragraph 47 of the first amended complaint.

48.     AgroLiquid adopts and incorporates by reference all of the allegations and denials contained in paragraph 1 through 47 of its answer in response to paragraph 48 of the first amended complaint.

49.     Admits that plaintiff worked for AgroLiquid and received wages and benefits.  Plaintiff was paid a commission in December 2015, 2016, and 2017, because he was employed at the time.  Plaintiff was not paid a commission in December 2018, because he was not employed at the time.  AgroLiquid denies that plaintiff had earned or was owed any commission from AgroLiquid when his employment ended and therefore denies the remaining allegations in paragraph 49 of the first amended complaint.

50.     Denies the allegations in paragraph 50 of the first amended complaint.

51.     Denies that plaintiff had earned or was owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 51 of the first amended complaint.

52.     Denies that plaintiff had earned or was owed any commissions from AgroLiquid and therefore denies the allegations in paragraph 52 of the first amended complaint.

53.     Denies the allegations in paragraph 53 of the first amended complaint.

54.     AgroLiquid acknowledges plaintiff's jury demand in paragraph 54 of the first amended complaint and states that no responsive pleading is required.  To the extent a response is required, AgroLiquid denies plaintiff's claims alleged against it, and denies that plaintiff is entitled to the relief requested in the first amended complaint or to any relief whatsoever.

55.     Denies that plaintiff is entitled to the relief requested in the "WHEREFORE" clause or to any relief whatsoever.

56.     Denies all allegations in plaintiff's first amended complaint not specifically admitted in this answer.

57.     Moves to dismiss plaintiff's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state facts or claims upon which relief can be granted against AgroLiquid.

58.     Affirmatively asserts and pleads the defenses of waiver, accord, satisfaction, release, fraud, payment, set-off, estoppel, expiration of applicable statutes of limitation, unclean hands, and/or additional legal and equitable doctrines or principles constituting an avoidance or affirmative defense to the extent applicable under the facts of the case.

59.     Affirmatively asserts that plaintiff is not entitled to any relief under the Michigan Sales Representatives Commission Act or the Arkansas Sales Representative Commission Act.

60.     Hereby gives notice that AgroLiquid intends to rely upon such other affirmative defenses as may become available and therefore affirmatively asserts

8

and pleads all Rule 12(b) defenses including lack of jurisdiction of the person, insufficiency of process, insufficiency of service of process; Rule 8(c) affirmative defenses; and Rule 4 service requirements.

61.    Reserves the right to plead further, including asserting additional affirmative defenses as warranted by a full investigation and discovery, and the right to file an amended answer, cross claim, counterclaim, or third party claim as provided by the Federal Rules of Civil Procedure.

WHEREFORE, COG Marketers Ltd. d/b/a AgroLiquid respectfully requests that plaintiff's first amended complaint be dismissed, for its costs including reasonable attorneys' fees, and for all other proper relief.

Regina A. Young (96161)
Antwan D. Phillips (2010027)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

Attorneys for Defendant

9